Eloise GLOVER, as Administratrix of the goods, chattels and credits of Cleophas Glover, Deceased and Add Armstead, Plaintiffs,

v.

The CITY OF NEW YORK, Thomas Shea and Walter Scott, Defendants.

No. 74 C 551.

United States District Court, E. D. New York.

Feb. 16, 1978.

See also, 401 F.Supp. 632.

---

Lipsig, Sullivan, Mollen & Liapakis, P. C., New York City (Steven L. Hess, New York City, of counsel), for plaintiffs.

W. Bernard Richland, Corp. Counsel, New York City (Diane E. Iushewitz, New York City, of counsel), for defendant City of New York.

Evseroff & Sonenshine, Brooklyn, N. Y., for defendant Shea.

William A. Gogel, Brooklyn, N. Y., for defendant Scott.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

According to the plaintiffs' pleadings, in the early morning of April 28, 1973, ten-year-old Clifford Glover and his step father, plaintiff Add Armstead, encountered Detective Thomas Shea and Patrolman Walter Scott of the New York City ("the City") Police Department. When the incident ended, Glover was dead and Armstead wounded. Both Eloise Glover, as administratrix of Clifford Glover's estate, and Armstead commenced separate actions in this court for substantial damages, asserting claims against Shea and the City under state law and 42 U.S.C. § 1983. On July 15, 1974, Judge Costantino ordered the two actions consolidated and granted plaintiffs leave to amend their complaint to add Scott as a defendant in the action.

The City has moved to dismiss for lack of subject matter jurisdiction to adjudicate the claims against it. Plaintiffs have cross-moved for leave to amend again their complaint.

I

In a Memorandum and Order reported at 401 F.Supp. 632 (E.D.N.Y.1975), Judge Costantino rejected the City's contention that there was no subject matter jurisdiction over the claims against it. Acknowledging that the City was not a "person" for purposes of 42 U.S.C. § 1983, he held that the court nevertheless had jurisdiction over the City as a pendent party, since the complaint stated a claim under § 1983 against the co-defendants Scott and Shea.[1] He therefore denied the City's motion to dismiss the state law claims and granted the motion to dismiss the claims under § 1983.

1. In the same Memorandum and Order Judge Costantino denied defendants' Scott and Shea's motions to dismiss the complaint for failure to state a claim under § 1983. 401 F.Supp. at

The subsequent decision of the Supreme Court in *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), has undermined the basis for Judge Costantino's decision, which assumed that he had discretion to exercise pendent jurisdiction over the City. See *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In the *Aldinger* case, the Court held that in an action alleging a violation of § 1983 by a county employee the federal courts had no power to assert pendent jurisdiction over the county, which was not a "person" within the meaning of § 1983. The Court declined to read the jurisdictional counterpart of § 1983, 28 U.S.C. § 1343(3), as authorizing pendent jurisdiction over the county.

■ Although the City's motion papers refer to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("failure to state a claim upon which relief can be granted"), it is clear from its Memorandum of Law that the motion again challenges the jurisdiction of this court. In light of the holding in *Aldinger,* the motion would, were it not for plaintiffs' cross-motion, be granted.

II

■ However, plaintiffs move to amend their complaint. The proposed amended complaint asserts a new jurisdictional basis, 28 U.S.C. § 1331 (general "federal question" jurisdiction), and a new claim directly under the Fourteenth Amendment to the United States Constitution. Thus, it is urged that the City, though not a "person" under § 1983, is nevertheless liable under the Fourteenth Amendment and that a state law claim against the City is properly "pendent" to that claim under the Fourteenth Amendment.

The City opposes the motion as not timely. The city charges that, "Plaintiffs are guilty of laches and the delay in amending substantially prejudices defendant's rights."

635–36. Scott and Shea have made no new motions urging that point, and have taken no position with respect to the present motions.

(City Memorandum of Law in Opposition at 4.) The possibility of a claim against the City directly under the Fourteenth Amendment might have been apparent to plaintiffs from the very beginning of this action. See *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *City of Kenosha v. Bruno,* 412 U.S. 507, 514, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Wahba v. New York University,* 492 F.2d 96, 103–04 (2 Cir. 1974). But the desirability of asserting such a claim did not become apparent until the *Aldinger* decision, announced on June 24, 1976. The City waited almost 16 months to move to dismiss the complaint on the basis of *Aldinger,* and plaintiffs cross-moved promptly thereafter.

The City incurred no real prejudice as time passed. No new facts are alleged in the amended complaint so as unfairly to surprise the City. In essence, in order to repair "defective allegations of jurisdiction" plaintiffs seek to amend their complaint pursuant to 28 U.S.C. § 1653, which permits such an amendment even on appeal. See *Gagliardi v. Flint,* 564 F.2d 112 (3 Cir. 1977); *Rotolo v. Borough of Charleroi,* 532 F.2d 920 (3 Cir. 1976). Cf. *Lombard v. Board of E. of City of New York,* 407 F.Supp. 1166, 1170 (E.D.N.Y.1976). Under the circumstances the motion is not too late.

▉▉▉ The City further opposes the motion on the ground that the amended complaint fails to state a federal claim against the City.[2] But to support pendent jurisdiction over a state claim, a federal claim need only be more than "merely colorable or fraudulently set up for the mere purpose of endeavoring to give the court jurisdiction." *Siler v. Louisville and Nashville R. Co.,* 213 U.S. 175, 192–93, 29 S.Ct. 451, 455, 53 L.Ed.

753 (1909). All that is required is that the federal claim "have substance sufficient to confer subject matter jurisdiction." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). A case in point is *Kostka v. Hogg,* 560 F.2d 37 (1 Cir. 1977), where the court held that the administrators of the estate of a victim of police bullets failed to state a cause of action for damages under the Fourteenth Amendment against a town. At the same time, however, the court acknowledged its *jurisdiction* pursuant to 28 U.S.C. § 1331:

> "The question of subject matter jurisdiction is, of course, distinct from that whether plaintiffs have stated a claim upon which relief may be granted. See *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). So long as a claim for federal relief is not frivolous, the action arises under federal law for purposes of § 1331 and the federal court has jurisdiction to adjudicate the claim that a federal right of recovery exists. *Id.;* see also *Mount Healthy School Dist. v. Doyle,* 429 U.S. 274, 276–282, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Since no Supreme Court or First Circuit decision forecloses us from inferring a remedy under the Fourteenth Amendment and since Bivens gives the plaintiff's claim at least surface plausibility, we have jurisdiction under § 1331."

560 F.2d at 41, n.5. See also *Mahone v. Waddle,* 564 F.2d 1018, 1022 (3 Cir. 1977); *Gagliardi v. Flint,* 564 F.2d 112, 115–16 (3 Cir. 1977); *Adekalu v. New York City,* 431 F.Supp. 812, 817 (S.D.N.Y.1977); *Snead v. Department of Soc. Serv.,* 409 F.Supp. 995, 998–99 (Weinfeld, D. J.), 1001 (Mulligan, C. J., concurring in result) (S.D.N.Y.1975) (3-judge court).

**2.** An amended complaint need not state a claim upon which relief can be granted where the issue is the party's right to amend the complaint, so long as the claim stated is not "frivolous or patently insufficient." *Key Pharmaceuticals, Inc. v. Lowey,* 54 F.R.D. 447, 449 n.5 (S.D.N.Y.1972) (Weinfeld, D. J.). As the discussion in text, *infra,* indicates, the standard for determining subject matter jurisdiction under 28 U.S.C. § 1331 is virtually identical, and the allegations of the amended complaint meet

that standard. However, since the parties have briefed and argued the issue as to whether a claim is stated under the Fourteenth Amendment, and in the interest of avoiding further redundant motion practice in a case now almost four years old, I will consider on the merits whether the amendments to the complaint state a claim. See *Campbell v. A. C. Petersen Farms, Inc.,* 69 F.R.D. 457, 468 (D.Conn.1975); 3 Moore's Federal Practice ¶ 15.08[4] at 904–5.

In light of the numerous opinions which recognize a claim against a municipality under the Fourteenth Amendment (see *Gentile v. Wallen,* 562 F.2d 193 (2 Cir. 1977) and cases there cited at 196), the allegations are not frivolous or patently insufficient. Since there is federal question jurisdiction pursuant to 28 U.S.C. § 1331[3], this court has the power to adjudicate all the claims set forth in the amended complaint.

## III

 Even if the claim under the Fourteenth Amendment is sufficiently substantial to confer jurisdiction to consider the pendent claim, it does not follow that this court is required to exercise that jurisdiction. Indeed in *United Mineworkers v. Gibbs, supra,* at 726, 86 S.Ct. at 1139, the Court said:

> "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right . . .
> [I]f the federal claims are dismissed before trial, even though not insubstantial in the jurisdictional sense, the state claims should be dismissed as well."

At this stage, therefore, in order to make a decision as to whether to exercise my discretion to retain jurisdiction over the proposed pendent claim (as well as for the reason set forth in note 2, *supra* ), it is appropriate for me to determine whether a valid federal claim under the Fourteenth Amendment is stated in the proposed amended complaint.

 I believe under the decisions in *Gentile v. Wallen, supra,* and *Brault v. Town of Milton,* 527 F.2d 730 (2 Cir.), *vac. on other grs.* 527 F.2d 738 (2 Cir. 1975) (en banc), the proposed amended complaint states such a claim. I find no more reason than did Judge Lasker in *Adekalu v. New York City, supra,* 431 F.Supp. at 818, to present "yet another detailed exposition of the arguments pro and con."

In *Adekalu* Judge Lasker dismissed plaintiff's complaint for failure to state a claim against the City of New York even though he felt bound by the reasoning in *Brault v. Town of Milton, supra.* In *Adekalu,* plaintiff alleged only that detectives of the New York City Police Department unconstitutionally searched him; the City's alleged liability was purely vicarious, based exclusively on the doctrine of "respondeat superior." Judge Lasker held that "further indicia of municipal responsibility other than the employer/employee relationship must be alleged in order to state a cause of action against the municipality." 431 F.Supp. at 820.

I need not decide at this time whether proof of such increased responsibility is required to support plaintiffs' claim. The motion is addressed to the pleadings. The proposed amended complaint alleges at paragraph 12 that the City did not:

> "have a system of weeding out from the force, officers including the defendant THOMAS SHEA, with due notice of prior incidents of violence, indicative of his sadistic and trigger happy nature . . ."

If the facts as they are developed fail to substantiate this or other circumstances showing the City's involvement in the shootings of Glover and Armstead, the City may make an appropriate motion.

 The City also argues that the new claim stated in the proposed amended complaint is barred by the one year and ninety day statute of limitations in actions against a city for damages for personal injury [N.Y. General Municipal Law § 50–i(1)], presumably applicable to plaintiffs' new cause of action. *Fine v. City of New York,* 529 F.2d 70 (2 Cir. 1975). In fact it is now more than four years since the occurrence of "the events upon which the claim is based," and thus beyond the limitation period prescribed by § 50–i(1). However, the amendment to the complaint describes the same "conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading . . ." In these circumstances, "the amendment relates back to the date of the original pleading" under Rule 15(c) of the Federal Rules of Civil Procedure.

---

**3.** Needless to say, the amount in controversy is well in excess of $10,000.

Since the original pleading was timely, the statute of limitations does not bar the amended complaint.

The City's motion to dismiss the first amended complaint is denied as moot. Plaintiffs' motion to serve a second amended complaint is granted. The City's motion to dismiss the second amended complaint is denied. The defendants are directed to answer the second amended complaint within the time limits set forth in the Federal Rules of Civil Procedure.

So ordered.