**UNITED STATES of America**

v.

**ONE 1984 CHEVROLET TRANS STAR.**

**UNITED STATES of America**

v.

**ONE 1984 CHEVROLET TRANS STAR.**

**Civ. Nos. H–84–693(JAC), H–84–297(JAC).**

United States District Court, D. Connecticut.

Dec. 20, 1985.

---

Leslie C. Ohta, New Haven, Conn., for plaintiff.

Stuart J. Susser, New York City, for defendants-claimants.

## RULING ON PENDING MOTIONS

JOSÉ A. CABRANES, District Judge:

These consolidated cases are before the court on the government's motions to amend the complaints and to withdraw admissions and the claimant's motion for summary judgment.

The actions arise out of the seizure by federal agents of two Chevrolet Trans Star vans owned by the Holy Spirit Association and Unification World Christianity and its International One World Crusade (the "claimants"). The government contends that the vans had been used to transport illegal aliens in violation of 8 U.S.C. § 1324(a)(2), and therefore are subject to forfeiture pursuant to 8 U.S.C. § 1324(b).

### I.

The government has sought leave to amend its complaints in both actions to assert that the vans were used in violation not only of 8 U.S.C. § 1324(a)(2), which prohibits the transportation of illegal aliens, but also of 8 U.S.C. § 1324(a)(3), which prohibits the harboring of illegal aliens.

The Supreme Court observed in *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) that

> Rule 15(a), [Fed.R.Civ.P.], declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded.... If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*See also Madison Fund, Inc. v. Denison Mines Limited*, 90 F.R.D. 89, 91 (S.D.N.Y. 1981) (holding that leave to amend a complaint is not to be denied based on "the sufficiency of the amended claims" unless those claims are patently "frivolous"); *Glover v. City of New York*, 446 F.Supp. 110, 113 (E.D.N.Y.1978).

The claimants in these actions have not demonstrated that the government's amended claims are "frivolous." Moreover, they have offered no evidence of bad faith, dilatory motive or undue prejudice sufficient to overcome the mandate of Rule 15(a) that leave to amend a pleading "shall be freely given."

Accordingly, the government's motions for leave to file amended complaints are hereby granted.

## II.

The government seeks to withdraw its admissions (filed March 21, 1985) that certain aliens transported in the van that is the subject of *United States v. One 1984 Chevrolet Trans Star,* Civil Action No. H 84–693 (JAC), entered the United States legally. The government now contends that the entry of these individuals, pursuant to facially valid tourist visas, was actually unlawful because the visas had been fraudulently obtained.

Rule 36(b), Fed.R.Civ.P., states that

the court may permit withdrawal or amendment [of admissions] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.

It is clear that "the presentation of the merits of the action" would be served by permitting the government to withdraw its admissions with respect to the legality of the entry into the United States of certain aliens transported or harbored in one of the defendant vehicles. The government would be denied an opportunity to obtain a determination on the merits of its claim to the vehicles if the admissions were not withdrawn and if an illegal entry were later found to be a prerequisite to liability under 8 U.S.C. § 1324(a).

■ The test of whether a party will be prejudiced by the withdrawal of an admission is whether that party "is now any less able to obtain the evidence required to prove the matters which had been admitted" than he would have been at the time that the admission was made. *Westmoreland v. Triumph Motorcycle Corporation,* 71 F.R.D. 192, 193 (D.Conn.1976) (Blumenfeld, J.).

■ The claimants base their claim of prejudice on their inability to locate those aliens whose legality of entry into the United States is now disputed by the government. However, the claimants' sworn affidavit states that those aliens departed from the United States on or about May 27, 1984. *See* Affidavit of Stuart J. Susser (filed Dec. 11, 1985), ¶¶ 3, 4. Furthermore, the claimants have indicated that they had no knowledge of the whereabouts of those aliens once they left the United States. *See* Responses to Interrogatories (filed May 20, 1985), ¶¶ 3, 7.[1]

The admissions that the government now seeks to withdraw were filed March 21, 1985, ten months after the apprehension and departure from the United States of the aliens who are the subjects of these admissions. It therefore appears that the claimants are no "less able" today than they were on March 21, 1985, to prove that the aliens entered the United States lawfully.

Accordingly, the government's motion to withdraw admissions is hereby granted.

## III.

■ The claimants have moved for summary judgment in both actions on the

---

**1.** The claimants note that Dirk Van Dorsten, one of the aliens whose entry into the United States is now challenged by the government, returned to the United States sometime after May 27, 1984, and departed under threat of deportation on or about April 22, 1985. However, the claimants state that Van Dorsten's "renewed presence [in the United States] was not of any consequence to the defendants as he was unable to assist counsel in obtaining the statements or observations of the other immigrants who had left the country earlier, on the subject matter of their immigrant status and the seizures of the defendant vehicles." Affidavit of Stuart J. Susser (filed Dec. 11, 1985), ¶ 5. The claimants have not alleged that they would have been able to question Van Dorsten during his second visit to the United States about the matters contained in the admissions that the government now seeks to withdraw.

ground that 8 U.S.C. § 1324(a)(2) prohibits the transportation or harboring of an alien who entered the United States illegally, but not of an alien who was lawfully admitted to the country but who later became subject to deportation for violation of the immigration laws. The government asserts that the statute applies to all "illegal aliens" regardless of whether they violated the immigration laws at the time of their entry into the United States or only sometime thereafter.

Our Court of Appeals has repeatedly recognized "the well-established rule that 'when words are free from doubt they must be taken as the final expression of the legislative intent, and are not to be added to or subtracted from by considerations drawn ... from any extraneous sources.'" *Checkrite Petroleum, Inc. v. Amoco Oil Co.*, 678 F.2d 5, 8 (2d Cir.1982) (Meskill, J.), *cert. denied*, 459 U.S. 833, 103 S.Ct. 74, 74 L.Ed.2d 73 (1982), *citing Caminetti v. United States*, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917). *See also Board of Education v. Harris*, 622 F.2d 599, 609 (2d Cir.1979) (Meskill, J.), *cert. denied*, 449 U.S. 1124, 101 S.Ct. 940, 67 L.Ed.2d 110 (1981) (same).

The plain language of Section 1324(a) states that any person who knowingly transports or harbors "any alien ... not duly admitted by an immigration officer or not lawfully entitled to enter or reside within the United States" is guilty of a felony. Accordingly, if one gives the disjunctive "or" its ordinary meaning, the statute prohibits the knowing transportation or harboring of "any alien ... not lawfully entitled to ... reside within the United States."

The Supreme Court observed in *Reiter v. Sonotone Corporation*, 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979), that "[c]anons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings, unless the context dictates otherwise." *See also Federal Communications Commission v. Pacifica Foundation*, 438 U.S. 726, 739–740, 98 S.Ct. 3026, 3035–3036, 57 L.Ed.2d 1073 (1978) (holding that use of the disjunctive in the phrase "obscene, indecent, or profane" implies that each word has a separate meaning). The claimants have pointed to nothing in the "context" of Section 1324(a) that suggests to the court that the terms "enter" and "reside" ought not to be given their separate meanings.

In sum, the relevant provisions of Section 1324(a) must be read to encompass the transportation and harboring of aliens who entered the United States legally but whose continued presence in the United States later became unlawful. The court finds that this interpretation of the term "enter or reside" is free from doubt and therefore "must be taken as the final expression of the legislative intent, and [is] not to be added to or subtracted from by considerations drawn" from legislative history or other "extraneous sources." *See Checkrite Petroleum, Inc. v. Amoco Oil Co., supra*, 678 F.2d at 8.

This interpretation of Section 1324(a) is consistent with the decision of our Court of Appeals in *United States v. Rodriguez*, 532 F.2d 834 (2d Cir.1976) (Friendly, J.). The court, while reversing a conviction under Section 1324(a) on the ground that the government had introduced tainted evidence at trial, declined to dismiss the underlying indictment because admissible evidence of the defendant's harboring of three "illegal aliens" constituted probable cause to charge the defendant with violation of the statute. Significantly, the court did not distinguish between the one alien who had been smuggled into the United States and the two aliens whose presence in the United States became illegal only after they had overstayed their tourist visas. *See id.* at 839.

### Conclusion

For the reasons stated above, the government's motions to amend the complaints and the government's motion to withdraw admissions are hereby granted. The claimant's motion for summary judgment is denied.

It is so ordered.