**Eloise GLOVER, as Administratrix of the goods, chattels and credits of Cleophas Glover, Deceased and Add Armstead,**

**v.**

**The CITY OF NEW YORK et al.**

**No. 74 C 551.**

United States District Court,
E. D. New York.

Sept. 17, 1975.

Harry H. Lipsig and Jeff L. Greenup, New York City, for plaintiffs.

W. Bernard Richland, Corp. Counsel, New York City, for City of New York; Jack Cherrill, Asst. Corp. Counsel, New York City, of counsel.

Harvey L. Greenberg, Brooklyn, N. Y., for defendant Walter Scott.

Jacob Evseroff, Evseroff & Sonenshine, Brooklyn, N. Y., for defendant Thomas Shea.

## MEMORANDUM and ORDER

COSTANTINO, District Judge.

This is a case in which plaintiffs allege seven causes of action. The first and fourth causes of action, the only ones which present federal claims, allege that defendants are liable to plaintiffs for damages for violation of the federal civil rights law, 42 U.S.C. § 1983. The remaining causes of action allege various claims under state law including wrongful death, slander, and assault.

Plaintiffs move for an order pursuant to Rule 56, Fed.R.Civ.P. granting summary judgment on their first, second, third, fifth and sixth causes of action. Plaintiffs also move for an order pursuant to Rule 12(b) dismissing the fourth affirmative defense of the defendant City of New York ("the City"). The

City cross-moves for an order severing and dismissing the actions against it. The City contends that it has immunity from the § 1983 claims. The City also contends that the state law claims asserted against it should be dismissed for lack of federal jurisdiction. Defendant Thomas Shea, a police officer at the time of the alleged incident which underlies this action, cross-moves for an order severing and dismissing the actions against him on the ground that no action lies against him under 42 U.S.C. § 1983 and that all state law causes of action should be dismissed for lack of federal jurisdiction. Defendants Shea and Walter Scott contend that the complaint should be dismissed as to them because plaintiffs failed to comply with General Municipal Law 50–i and related statutes in that the summons and complaint were not served upon them within one year and ninety days from the date of the incident on which plaintiffs' complaint is based.

This case arises out of an incident in which defendants Shea and Scott, police officers at the time, allegedly shot and killed one Cleophas Glover, the ten year old son of plaintiff Eloise Glover. The latter is the Administratrix of the decedent's estate. Plaintiff Add Armstead, step-father of the decedent, was with the latter at the time of the incident.

Plaintiffs contend that their motion for summary judgment should be granted because a decision by Phillip P. Michael, Deputy Commissioner of the City of New York in Charge of Trials, is *res judicata* with respect to the first, second, third, fifth and sixth causes of action. Plaintiffs also contend that in view of Deputy Commissioner Michael's decision, summary judgment should be granted under the doctrine of collateral estoppel.

■ The basic distinction between the doctrines of *res judicata* and collateral estoppel was noted by Chief Justice Warren in *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955):

> [U]nder the doctrine of *res judicata,* a judgment "on the merits" in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. Under the doctrine of collateral estoppel, . . . such a judgment precludes relitigation of issues actually litigated and determined in the prior suit, regardless of whether it was based on the same cause of action as the second suit.

The issue which the Deputy Commissioner determined was clearly stated by him in his written opinion: "these proceedings [are] to determine whether either respondent is fit for police duty. . . ." The Deputy Commissioner found that Shea and Scott did not have the maturity and judgment required of police officers. The issues raised by the motion for summary judgment are different from that determined by the Deputy Commissioner. Here, the issues involved are whether the actions of defendants Shea and Scott render them and their former employer, the City, liable for alleged violation of 42 U.S.C. § 1983, wrongful death, slander and other wrongs. Neither the causes of action alleged by the plaintiffs nor the issues raised by these causes of action were determined by the Deputy Commissioner. Accordingly, plaintiffs' motion for summary judgment based on the doctrines of *res judicata* and collateral estoppel must be denied.

■ Plaintiffs also move for dismissal of one of defendant City's affirmative defenses which alleges in substance that plaintiffs fail to state a cause of action against the City under 42 U.S.C. § 1983. The City cross-moves with respect to this same issue, contending that plaintiffs' causes of action pursuant to § 1983 should be dismissed. Plaintiffs' arguments notwithstanding, it is clear that a municipality may not be held liable under 42 U.S.C. § 1983, *Moor v.*

*County of Alameda,* 411 U.S. 693, 93 S. Ct. 1785, 36 L.Ed.2d 596 (1973); *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Accordingly, the City's cross-motion to dismiss the § 1983 action brought against it (causes of action one and four) must be granted and plaintiffs' motion to dismiss the City's affirmative defense to the § 1983 actions must be denied.

Defendants Shea and Scott contend that the complaint should be dismissed as to them because they were not served until more than one year and ninety days after the alleged shooting. This service is purportedly defective under General Municipal Law § 50–i which provides that "the action . . . shall be commenced within one year and ninety days after the happening of the event upon which the claim is based." The shooting incident is alleged to have taken place on April 28, 1973. The summons and complaint naming as defendants the City and Shea were filed on April 9, 1974. The United States Marshal attempted to serve defendant Shea on April 15, 1974. The Marshal's report states that he received no answer at Shea's home. He was advised by a neighbor that Shea no longer lived in his house, which was being sold, and that Shea was staying with relatives. This court issued an order dated July 15, 1974 granting plaintiffs leave to serve an amended complaint adding Walter Scott as a defendant. Shea and Scott were served with the amended complaint on August 22, 1974.

█ It is fairly well settled that the notice of claim requirement is inapplicable to § 1983 actions. *Carrasco v. Klein,* 381 F.Supp. 782, 787, n. 12 (E.D.N.Y. 1974); *Laverne v. Corning,* 316 F.Supp. 629, 637 (S.D.N.Y.1970). Therefore, noncompliance with the notice of claim statute, General Municipal Law § 50–i, is not a defense to the § 1983 actions brought against Shea and Scott.

██ The next question is whether noncompliance with the notice of claim statute is a good defense to the other actions brought against Shea and Scott. The critical date under General Municipal Law § 50–i is not the date of service but the date of commencement of the action. Rule 3, Fed.R.Civ.P. provides that a civil action is commenced by filing a complaint with the court. Here, the complaint was filed well within the year and ninety day period. The proper rule to be applied here appears to be that the date of filing the complaint is the critical date for purposes of the statute of limitations so long as plaintiffs exercised reasonable diligence in serving process. *Messenger v. United States,* 231 F.2d 328, 331 (2d Cir. 1956); *see also Bomar v. Keyes,* 162 F.2d 136, 140 (2d Cir. 1947); *cert. denied,* 332 U.S. 825, 68 S.Ct. 166, 92 L.Ed. 400 (1947). In *Messenger,* the court noted that in the case of excusable or moderate neglect, the absence of prejudice to the defendant is a factor which may be taken into account in determining whether service was reasonably diligent. If there was any neglect in serving defendant Shea, it must be termed "excusable" because the only reason which appears in the record for his not being promptly served was that he no longer lived in his house at the time the Marshal attempted to serve him. Any neglect in serving Scott must be viewed as "moderate" since he was served with process only about one month after plaintiffs' motion to add him as a defendant was granted (the decision granting the motion was within the year and ninety day period provided by the statute). After weighing the factor of the absence of prejudice and reviewing the entire record as well as relevant case law, it is included that General Municipal Law 50–i is no defense to plaintiffs' actions against defendants Shea and Scott.

██ Defendant Shea contends that the complaint fails to state a claim under § 1983 because he was a police officer at the time of the incident. The rule is that "misconduct on the part of public police officers, to the extent that it infringes constitutionally-protected

rights, gives rise to an action under § 1983." *Huggins v. White,* 321 F.Supp. 732, 734 (S.D.N.Y.1970). The wrongful slaying of a citizen by a police officer is an infringement of a constitutionally protected right which gives rise to a § 1983 damage action. *Mack v. Lewis,* 298 F.Supp. 1351 (S.D.Ga.1969). Here, the complaint charges defendants Shea and Scott with a needless and unprovoked slaying of the decedent. The facts alleged are sufficient to withstand the cross-motions of defendants Shea and Scott to dismiss the causes of action brought pursuant to 42 U.S.C. § 1983. Accordingly, these cross-motions are denied. Since the court may in its discretion properly exercise pendent jurisdiction over the remaining state law claims against Shea and Scott, their cross-motions to dismiss these claims are denied.

The City cross-moves to dismiss for lack of federal jurisdiction the state law causes of action which plaintiffs have brought against it. Because the state law claims against the City and the § 1983 claims against defendants Shea and Scott derive from a "common nucleus of operative fact"—the shooting incident—it would appear that this court may in its discretion exercise pendent jurisdiction over the state law claims against the City. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). A fairly recent decision noted that *Gibbs* contemplated adjudication of state claims "given the advantages of economy and convenience and no unfairness to litigants." *Hagans v. Lavine,* 415 U.S. 528, 546, 94 S.Ct. 1372, 1383, 39 L.Ed.2d 577 (1974). The importance of economy and convenience was expressed in *Galella v. Onassis,* 487 F.2d 986, 996, n. 15 (2d Cir. 1973) where the court noted that "the probability of two trials on the same facts has been deemed generally sufficient to weigh in favor of retaining pendent jurisdiction." In the instant case, dismissal of the state law claims against the City would require plaintiffs, if they chose to press both their §

1983 claims in this court and their state law claims against the City, to commence a second action in state court. In view of the substantial amount of damages demanded here, totaling in the millions of dollars, a second trial is probable if defendants Shea and Scott are found liable in the instant case.

There is one additional factor, however, which weighs against the decision to exercise pendent jurisdiction. The City here is a "pendent party," i. e., a party which is implicated in this litigation only because of pendent state law claims. *Moor v. County of Alameda,* 411 U.S. 693, 713, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); Note, *UMW v. Gibbs and Pendent Jurisdiction,* 81 Harvard L.Rev. 657, 662–64 (1968). In *Moor,* the Court noted that while there are substantial analogues in federal practice to the exercise of jurisdiction over pendent parties, the question of whether the court had power to exercise jurisdiction over pendent parties is "subtle and complex," 411 U.S. at 715, 93 S.Ct. 1785. The *Moor* decision did not resolve this jurisdictional question, 411 U.S. at 715, 93 S.Ct. 1785.

The considerations for exercising jurisdiction over claims against a "pendent party" are more compelling in a federal question case, like that at bar, than where the only effect of allowing a pendent party is to broaden the scope—and attractiveness—of a diversity action, *see* Wright and Miller, *Federal Practice and Procedure* § 3567. Weighing all factors, particularly the interest in avoiding a probable second trial if defendants Shea and Scott are found liable here, the better view is to exercise pendent jurisdiction over the state law claims against the City, *see* 81 Harvard L.Rev. at 664. Accordingly, the City's cross-motion to sever and dismiss the state law claims against it is denied. To summarize, all motions are denied except for defendant City's cross-motion to dismiss plaintiffs' claim against it for damages pursuant to 42 U.S.C. § 1983.