James C. **BODENNER** and Susan E. Bodenner, Plaintiffs,

v.

Irving L. **GRAVES;** I. Scott Graves; Eleanor Graves; Graves & Associates Construction Co., a Michigan corporation; Northview Care Corporation, a Michigan corporation, and Transamerica Title Insurance Company, a California corporation, jointly and severally, Defendants.

No. 1:92:CV:763.

United States District Court, W.D. Michigan.

July 29, 1993.

Jeffrey Alan Moyer, Paul Anthony McCarthy, Rhoades, McKee, Boer, Goodrich & Titta, Grand Rapids, MI, for James C. Bodenner and Susan E. Bodenner.

Curtis D. Jonker, Curtis D. Jonker Law Offices, Grand Rapids, MI, for Irving L. Graves, I. Scott Graves and Graves & Associates Const. Co.

Thomas A. Hoffman, Nyal D. Deems, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, for Transamerica Title Ins. Co., Northview Care Corp. and Ellenor Graves.

## OPINION

ENSLEN, District Judge.

This case arises out of a dispute over construction contracts and a construction partnership. Plaintiffs allege several causes of action in their complaint, 29 to be exact,

including breach of contract, breach of fiduciary duty, fraud, conversion, misappropriation, embezzlement, negligence, unjust enrichment, misrepresentation, injury to property, concealment, environmental contamination, and one federal claim under the Federal Racketeer Influenced and Corrupt Organizations ("RICO") statute. Defendants have filed a motion to dismiss due to lack of federal question jurisdiction. The issue, then, is whether this Court has jurisdiction over this dispute.

A review of the plaintiffs' complaint reveals that it contains state law claims over which the Court does not have original jurisdiction. This Court must decide whether it should exercise its discretion to exert jurisdiction over the state law claims.

Congress has recently enacted a provision entitled "Supplemental Jurisdiction," which governs jurisdiction over any claim so related to the claims over which the Court has original jurisdiction that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367 (effective December 1, 1990). This provision states that a court may decline to exercise supplemental jurisdiction if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." *Id.* (§ 1367(c)). This language mirrors the language used by the courts in developing the common-law doctrine of pendent jurisdiction. Congress intended to codify pendent and ancillary jurisdiction. *Vild v. Visconsi,* 956 F.2d 560, 570 (6th Cir.1992). For this reason, application of the law governing pendent jurisdiction is warranted.

█ A federal district court may exercise pendent jurisdiction over state law claims if it (1) has the authority to hear the claims, and (2) determines, in its discretion, that the exercise of jurisdiction over the claims will further the policy goals of the doctrine of pendent jurisdiction. *See generally United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The Sixth Circuit has summarized the requirements for exerting pendent jurisdiction over state law claims as such:

The three prerequisites for the exercise of pendent jurisdiction are (1) the federal claim must have substance sufficient to confer subject matter jurisdiction on the court; (2) the state and federal claims must derive from a common nucleus of operative fact; and (3) the plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding.

*Gaff v. Federal Deposit Ins. Corp.*, 814 F.2d 311, 319 (6th Cir.1987) (quoting *Transcontinental Leasing, Inc. v. Michigan Nat'l Bank*, 738 F.2d 163, 165–66 (6th Cir.1984)).

The doctrine of pendent jurisdiction is a doctrine of judicial discretion whose justification lies in "considerations of judicial economy, convenience and fairness to litigants." *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139. The Supreme Court has recognized that "a federal court's determination of state-law claims could conflict with the principle of comity to the States and with the promotion of justice between the litigating parties." *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 349–50, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988) (quoting *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139). Thus, "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139. Accordingly, a federal court with pendent jurisdiction should normally dismiss state claims without prejudice when it appears that the state issues "substantially predominate" over the federal issues in terms of proof, scope, or comprehensiveness of the remedy sought. *Id.*

Plaintiffs have asserted one claim over which this Court has original jurisdiction and 28 claims over which the Court could exercise supplemental or pendent jurisdiction. I find that plaintiffs' state law claims substantially predominate over the federal claim asserted. For this reason, I dismiss counts 1–27, and count 29 without prejudice.

This is not the end of my inquiry, however, as the Court has also been asked by the defendants to dismiss the RICO claim. The Court must decide whether, having dismissed the 28 of 29 claims, I may also dismiss the alleged federal claim over which the court has original jurisdiction under 28 U.S.C. § 1367. In other words, can the Court grant defendants' request for a "complete dismissal?"

The Court has been unable to find much guidance on this issue, but has discovered some law applicable to the instant case. A recent opinion, from the Northern District of Illinois, held that the supplemental jurisdiction statute, 28 U.S.C. § 1367, "provides for specific circumstances in which a court entertaining supplemental jurisdiction over a claim embraced within this provision *may return the entire case to the state court.*" *Libertyville Community High Sch. Dist. 128 v. North Chicago Unit Sch. Dist. 187*, No. 93–C2464, 1993 WL 222488, at *2 1993 U.S.Dist. LEXIS 8394, at *5 (N.D.Ill. June 21, 1993) (emphasis added). Those circumstances include:

(1) when the claim raises a novel or complex issue of state law;

(2) when the claims over which the federal court would otherwise lack jurisdiction predominate over the claim which gives rise to federal jurisdiction;

(3) when the district court has dismissed all claims over which it had original jurisdiction; or,

(4) in exceptional circumstances, when there are compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Although *Libertyville* is the only case I found which addresses complete dismissal under § 1367, the Court came across several cases which address the same issue with respect to an analogous statute, 28 U.S.C. § 1441(c). These cases discuss complete dismissal in the situation where a case has been removed from state court to federal court. Section 1441(c) provides that the district court "in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c). This language closely mirrors that of § 1367(c)(2) discussed above. The Court therefore believes that reliance on the cases which address complete dismissal under § 1441(c) in the context of § 1367 is advisable. In fact, a number of the § 1441(c)

cases discuss these two statutes, §§ 1367 & 1441, as closely analogous with respect to the complete dismissal issue. *See, e.g., Administaff, Inc. v. Kaster,* 799 F.Supp. 685, 689 (W.D.Tex.1992).

Under § 1441(c), the Court found numerous cases allowing for a dismissal of the entire case when state law issues predominate. *Id.* at 689; *See also Moore v. DeBiase,* 766 F.Supp. 1311, 1321 (D.N.J.1991); *Moralez v. Meat Cutters Local 539,* 778 F.Supp. 368, 370–71 (E.D.Mich.1991); *Alexander by Alexander v. Goldome Credit Corp.,* 772 F.Supp. 1217, 1225 (M.D.Ala.1991); *Holland v. World Omni Leasing, Inc.,* 764 F.Supp. 1442, 1444–45 (N.D.Ala.1991); *Martin v. Drummond Coal Co., Inc.,* 756 F.Supp. 524, 527 (N.D.Ala.1991).

One of the more enlightening decisions the Court found addressing the complete dismissal issue under § 1441(c) was *DeBiase.* In this case, the New Jersey district court remanded the entire case to the state under § 1441(c) because it found that 16 of the 19 Counts in the complaint alleged causes of action based purely on state law, and that the state law claims predominated in the entire case. *DeBiase,* 766 F.Supp. at 1321. I find this decision particularly helpful to the dispute before me, because 28 of 29 claims in the immediate dispute are based on state law. Thus, since the *DeBiase* Court found that 16 state counts out of a 19 count complaint constitutes state law predominance, certainly 28 state counts out of a 29 count complaint rises to the level of state law predominance.

Moreover, there is authority that stands for the proposition that a case with an inordinate amount of state claims should not be brought in federal court in the first place. The D.C. Circuit has said that "a formal federal cause of action that incorporates state law so as to create an 'overwhelming predominance of state-law issues' may not properly be brought in federal court." *Rogers v. Platt,* 814 F.2d 683 (D.C.Cir.1987). The Court is aware that this is an exception to the general rule stated by Justice Holmes that "[a] suit arises under the law that creates the cause of action", *American Well Works Co. v. Layne and Bowler Co.,* 241 U.S.

257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916). Nonetheless, the Court believes that this case fits the exception. When 28 of 29 causes of action arise under state law, it certainly creates an "overwhelming predominance of state-law issues."

Accordingly, the Court finds that state law clearly predominates the plaintiffs' complaint. Therefore, I will dismiss the RICO claim, count 28, based on the authority cited above. Furthermore, the Court notes that the State Court has concurrent jurisdiction to hear a civil RICO claim. *Tafflin v. Levitt,* 493 U.S. 455, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990). Because the Court finds that judicial economy, convenience and fairness to the litigants is better served if all counts in Plaintiffs' complaint are decided together, I will dismiss all 29 counts without prejudice.

### *JUDGMENT*

In accordance with the Opinion entered this date;

**IT IS HEREBY ORDERED** that defendants' motion to dismiss for lack of federal jurisdiction, filed January 21, 1993 (dkt. # 21), is **GRANTED;**

**IT IS FURTHER ORDERED** that **JUDGMENT** is **GRANTED** in favor of all defendants and against plaintiffs with respect to all counts and this matter is **DISMISSED without prejudice;**

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by defendant Transamerica Title Insurance Company on February 19, 1993 (dkt. # 25), is **DENIED without prejudice;**

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by defendant Transamerica Title Insurance Company on July 6, 1993 (dkt. # 61), is **DENIED without prejudice;**

**IT IS FURTHER ORDERED** that plaintiffs' motions for appointment of receiver, filed on November 12, 1992 and March 2, 1993 (dkt. # 4, 32 & 33), are **DENIED without prejudice.**