Shirley BROCKMAN, as natural mother and special conservator of Michael D. Brockman, an incapacitated person, Plaintiff–Appellee,

v.

MERABANK, a federal savings bank, Defendant,

and

Resolution Trust Corporation, a corporation, instrumentality an agency of the United States, Defendant–Appellant.

No. 93–15505.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 1994.

Decided Nov. 17, 1994.

Phyllis J. Towzey, Carter, Stein, Schaaf & Towzey, St. Petersburg, FL, for defendant-appellant.

D. Kim Lough and Julianne C. Wheeler, Jennings & Haug, Phoenix, AZ, for plaintiff-appellee.

Before: FARRIS and BEEZER, Circuit Judges, and McLAUGHLIN,* District Judge.

FARRIS, Circuit Judge:

The Resolution Trust Corporation appeals the district court's decision to *sua sponte* remand this case to state court after the removing party, the Federal Deposit Insurance Corporation, was dismissed from the action. We have jurisdiction, 12 U.S.C. § 1441a(*l*)(3)(C), and we reverse.

## FACTS

This action was originally commenced in Arizona Superior Court by appellee Shirley Brockman, as natural mother and special conservator of Michael Brockman, against Merabank, a federal savings bank, and various other individual defendants. The complaint alleged various state law causes of action in connection with a fiduciary account held at Merabank on behalf of Michael Brockman.

Merabank was placed in federal receivership on January 30, 1990. Brockman amended her complaint on May 11, 1990, to add the Resolution Trust Corporation as a defendant in its capacity as a receiver for Merabank.

On April 24, 1991, Brockman filed a Third Amended Complaint, adding the Federal Deposit Insurance Corporation as a defendant. The FDIC removed the action to federal court on May 23, 1991, pursuant to 12 U.S.C. § 1819(b)(2)(A). The FDIC subsequently moved to dismiss the Third Amended Complaint against it, arguing that it was not a proper party to the action. The district court granted the motion to dismiss on October 29, 1991. Trial by jury was scheduled for March 1, 1993, against the other defendants.

At a February 8, 1993, pretrial conference, the district court *sua sponte* ordered the case remanded to state court for lack of jurisdiction. The court reasoned that it lacked jurisdiction because the party seeking removal, the FDIC, had been dismissed from the case. In a subsequent order, the court stated that "[i]n its discretion, the Court could have retained the case but a decision was made not to retain it." The RTC appeals.

## ANALYSIS

### I. Jurisdiction of the district court

■ The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 provides:

> Notwithstanding any other provision of law, any civil action, suit, or proceeding to which the [RTC] is a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction over such action, suit, or proceeding.

12 U.S.C. § 1441a(*l*)(1). A similarly worded statute vests federal courts with original jurisdiction over actions involving the FDIC. *See* 12 U.S.C. § 1819(b)(2)(A). Both the FDIC and RTC can remove actions in which they are parties from state to federal court. *See* 12 U.S.C. §§ 1819(b)(2)(B) and 1441a(*l*)(3)(A).

Brockman argues that the district court only had "pendent" (and therefore arguably discretionary) jurisdiction over the state law claims against the non-RTC defendants. We reject the argument.

■ In *California v. Keating*, 986 F.2d 346, 348 (9th Cir.1993), we indicated in dicta that "the words 'action, suit, or proceeding' [in § 1441a(*l*)(1) ] are not limited to specific claims, but are synonymous with the term 'case' in the constitutional sense." The addition of the RTC as a party to the action transformed the "entire suit" into one that arose under federal law. *Id.* Both the Third and Eighth Circuits have reached the conclusion that § 1441a(*l*)(1) vests the district court with original jurisdiction over every claim in an action where the RTC is a party. *See Spring Garden Assocs. v. RTC*, 26 F.3d 412 (3d Cir.1994) (citing *Keating* ); *Kansas Public Employees Retirement System v. Reimer & Koger Assocs., Inc.*, 4 F.3d 614

---

* The Honorable Linda Hodge McLaughlin, United States District Judge for the Central District of California, sitting by designation.

(8th Cir.1993) (same), *cert. denied,* — U.S. —, 114 S.Ct. 2132, 128 L.Ed.2d 862 (1994).

Brockman relies on *California Union Insurance Co. v. American Diversified Savings Bank,* 914 F.2d 1271 (9th Cir.1990), *cert. denied,* 498 U.S. 1088, 111 S.Ct. 966, 112 L.Ed.2d 1052 (1991), for the proposition that the district court's jurisdiction over claims against non-RTC parties is discretionary. The jurisdictional statute at issue in that case, 12 U.S.C. § 1730(k)(1) (which has since been repealed), was identical in substance to § 1441a(*l*)(1).[1] However, the language relied on by Brockman does not address the jurisdictional question. In *California Union Insurance,* we concluded that § 1730(k)(1) was

> broad enough to authorize the district court *to exercise its discretion* pursuant to the Federal Rules to permit this claim to be considered *in the context of* a declaratory judgment action designed to determine issues of insurance coverage. *See* Fed. R.Civ.Proc. 14, 20.

914 F.2d at 1274 (emphasis added). At issue was a claim brought by impleader *after removal.* By citing to Rules 14 and 20, we simply recognized the district judge's discretion under those rules to allow third-party claims to be joined in an action already proceeding in federal court. *See Stewart v. American Int'l Oil & Gas Co.,* 845 F.2d 196, 199 (9th Cir.1988) (district court's decision whether third-party defendant may be impleaded reviewed for abuse of discretion). Whether the district court had federal question jurisdiction over such a claim is a separate question. *See id.* at 200 (district court was "correct in finding that the RICO claim in the third-party complaint bore no relation whatsoever to the original complaint").

■ In *California Union Insurance* we left open the question of whether, despite the presence of the FSLIC as a party, § 1730(k)(1) might in some circumstances "be insufficient to confer federal court jurisdiction over a controversy unrelated to

FSLIC." 914 F.2d at 1274. We need not answer that question now. In this case, as in *California Union Insurance,* the federal receiver is "not merely a nominal party" to the action. *See id.* Rather, the bank for which RTC is the receiver, or an employee of that bank, is a party to all claims at issue. RTC could potentially be held liable, as receiver, on any of the claims. Thus, once the case was removed to federal court by the FDIC, the district court had original jurisdiction over all claims by virtue of the FDIC's status as a party *and* by virtue of the RTC's status as a party. After the FDIC was dismissed, the district court continued to have original jurisdiction over the remaining claims because the RTC remained a party to the action.

## II. Authority of the district court to remand

The removal statute contains two provisions authorizing a district court to remand a case that has been removed: 28 U.S.C. §§ 1441(c) and 1447(c). Section 1447(c) provides, in pertinent part:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). The district court's decision to remand was not authorized by § 1447(c) because it did not lack subject matter jurisdiction.

■ Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). A remand order was not authorized by § 1441(c) either. The

---

1. The jurisdictional statute provided:
   Notwithstanding any other provision of law ... any civil action, suit, or proceeding to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy....
   12 U.S.C. § 1730(k)(1) (repealed in 1989).

claims against the non-RTC defendants are not "separate and independent." [2]

Brockman would justify the district court's decision to remand the entire case by arguing that even if the district court lacked statutory authority, it had "jurisprudential authority" to remand under the doctrine set forth in *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). The argument lacks merit. In *Carnegie–Mellon,* the defendants had properly removed a case involving federal and state law claims. The federal claims were subsequently dismissed. The issue was whether the district court could, in the absence of statutory authority, remand the case to state court. The Supreme Court concluded that "when a district court may relinquish jurisdiction over a removed case involving pendent claims, the court has discretion to remand the case to state court." *Id.* at 351, 108 S.Ct. at 619. The Court in *Carnegie–Mellon* made clear that its holding would not be applicable to a case where, for example, the district court had diversity jurisdiction, because the exercise of diversity jurisdiction is not discretionary. *Id.* at 356, 108 S.Ct. at 622.

■■■ Here, the federal claim against the RTC remained. Like diversity jurisdiction, original jurisdiction is not discretionary. Thus, the district court could neither dismiss the entire case for lack of jurisdiction nor remand it. *See Buchner v. FDIC,* 981 F.2d 816, 820 (5th Cir.1993) (declining to authorize a remand under *Carnegie–Mellon* where federal court had original jurisdiction over action involving FDIC).

### III. Waiver

Brockman asserts that the RTC waived its right to a federal forum (presumably because the RTC had failed to remove the case within the appropriate statutory time period). We reject the argument.

■■ In *Buchner,* the Fifth Circuit was confronted with a similar situation. The removing party, an FBI agent, had been dismissed. The district court nevertheless had jurisdiction, because the FDIC was a party. *See* 12 U.S.C. § 1819(b)(2)(A). Like the RTC in this case, the FDIC had not sought removal. The court held that the FDIC's presence vested the district court with federal subject matter jurisdiction and that the district court lacked authority to remand the case. *Buchner,* 981 F.2d at 819–921. In addressing the waiver issue, the court held:

> Subject matter jurisdiction can neither be conferred nor destroyed by the parties' agreement or waiver. Here the FDIC's earlier waiver of its right to remove the case cannot affect the court's subject matter jurisdiction over the Buchners' claim against the FDIC.

*Id.* at 821. We agree with the Fifth Circuit. Although the RTC waived its right to seek removal, it did not waive its right to a federal forum. In fact, after almost two years in federal court, the RTC objected to the court's *sua sponte* remand to the state court. The district court's retention of this case was mandatory, not discretionary. *See Carnegie–Mellon,* 484 U.S. at 356, 108 S.Ct. at 622; *see also United States v. Rubenstein,* 971 F.2d 288, 293 (9th Cir.1992) (If there is no basis for dismissal on abstention grounds, "[f]ederal courts have a 'virtually unflagging obligation' to exercise the jurisdiction conferred upon them by the coordinate branches of government and duly invoked by litigants.") (citing *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976)).

### IV. Constitutionality of § 1441a(*l*)(1)

Brockman argues that the "arising under" clause of Article III of the Constitution only vests federal courts with original jurisdiction over cases in which the right of any party to

---

2. We note that if the district court's jurisdiction over Brockman's claims against the non-RTC defendants had been "pendent" rather than "original," the district court would have been required to exercise jurisdiction over those claims unless one of the factors set forth in 28 U.S.C. § 1367(c) had been satisfied. *See Execu-*

*tive Software v. United States Dist. Court,* 24 F.3d 1545, 1562 (9th Cir.1994) (holding that once a case is properly removed, 28 U.S.C. § 1367(c) "provides the exclusive means by which supplemental jurisdiction over pendent claims may be declined if its assertion is permitted by sections 1367(a) or 1367(b)").

the action can be sustained or defeated by the construction of the Constitution or a law of the United States. Thus, she argues, § 1441a(*l*)(1) is unconstitutional to the extent it vests the federal courts with original jurisdiction over cases in which the RTC is a party even though only state law questions are raised with respect to other parties in the action. The argument lacks merit.

■ Article III, Section 2, Clause 1 provides that "[t]he judicial power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority." Nearly two centuries ago Chief Justice Marshall wrote for the Supreme Court that Article III's "arising under" jurisdiction authorized Congress to confer federal court jurisdiction over *any* action to which the Bank of the United States, a federally chartered bank, was a party. *See Osborn v. Bank of the United States,* 22 U.S. (9 Wheat.) 739, 823–828, 6 L.Ed. 204 (1824). The Supreme Court has recently reaffirmed the basic principle in *Osborn* that Congress may, by statutory grant, confer federal jurisdiction over any case involving a federally chartered entity. *See American National Red Cross v. S.G.,* —— U.S. ——, ——, 112 S.Ct. 2465, 2476, 120 L.Ed.2d 201 (1992) (federal jurisdiction existed over state law tort action because the Red Cross was a party). Like the Bank of the United States and the Red Cross, the RTC is but a "creature" of federal law. *See Osborn,* 22 U.S. at 823. Thus, the explicit language of Article III authorizes Congress to vest federal courts with jurisdiction over any "Case" involving the RTC.

■ Brockman's individual claims against the non-RTC defendants are part of the same constitutional "case" as her claims against the RTC because they derive "from a common nucleus of operative fact." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).[3] As

such, Congress had the power to vest the district court with jurisdiction over the entire case. It did so by enacting § 1441a(*l*)(1).

REVERSED.

---

**3.** Even if we were to characterize Brockman's claims against the non-RTC defendants as "pendent" to her claims against the RTC, they would, by definition, still constitute part of the same constitutional "case." *Gibbs,* 383 U.S. at 725, 86 S.Ct. at 1138.