**Barbara and Raymond SMITH, husband and wife, Plaintiffs,**

v.

**K–MART CORPORATION, and Edward Nollmeyer and Jane Doe Nollmeyer, husband and wife, Defendants.**

No. CS–95–248–RHW.

United States District Court, E.D. Washington.

Aug. 16, 1995.

1. Formerly O.R.S. 743.114; renumbered in 1989.

Bernard W. McNallen, Frank C. King, Spokane, WA, for Plaintiffs.

David J. Riewald, Bullard, Korshoj, Smith & Jernstedt, Portland, OR, for Defendants.

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

WHALEY, District Judge.

**BEFORE THE COURT** is Plaintiffs' Motion to Remand Plaintiffs' State law claims to State Court (Ct. Rec. 4), heard without oral argument on August 16, 1995. Bernard W. McNallen represents Plaintiffs; David Riewald represents Defendants. Having reviewed the record, and being fully advised in this matter, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand State Law Claims is **DENIED** for the following reasons.

This case originally was filed in Spokane County Superior Court, and was subsequently removed to this court. Plaintiffs make the following factual allegations:

Plaintiff Barbara Smith, worked for Defendant K–Mart beginning in 1977, eventually becoming the software manager of its East Sprague store in the Spokane Valley until she quit in May 1994. Ms. Smith alleges that Defendant Edward Nollmeyer, as manager of the East Sprague store, as well as others at work harassed and abused Plaintiff due to her age (17) to such an extent as to cause her physical disability, and forced her to resign her job. Plaintiffs' claims for relief are presently stated as: (1) Defendants engaged in age discrimination in violation of 29 U.S.C. § 621 **et seq.;** (2) Defendant K–Mart is vicariously liable for actions of Defendant Nollmeyer pursuant to the doctrine of **respondeat superior;** (3) Defendants were negligent; (4) Defendants committed the tort of outrage; (5) Defendant K–Mart was guilty of negligent retention and supervision of Defendant Nollmeyer; (6) Defendants' willful conduct violated the Washington Consumer Protection Act, RCW 19.86 **et seq.;** and (7) Defendants refused to pay Plaintiff for overtime she worked, in violation of the Federal Fair Labor Standards Act, 29 U.S.C. § 201 **et seq.,** RCW 49.48.010 **et seq.** and RCW 49.52.050.

Because Plaintiffs' complaint included alleged violations of the Federal Age Discrimination in Employment Act, 29 U.S.C. § 621 **et seq.** (ADEA), and the Fair Labor Standards Act, 29 U.S.C. § 201 **et seq.** (FLSA), Defendants had the case removed to this court pursuant to 28 U.S.C. §§ 1331 and 1441. 28 U.S.C. § 1331 gives this court original jurisdiction over all civil actions arising under laws of the United States. 28 U.S.C. § 1441(c) provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion, may remand all matters in which State law predominates.

In addition to the federal claims, Plaintiffs allege numerous violations of State law, and

seek remand of the State law claims to State court. The Supreme Court case, *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), and 28 U.S.C. § 1367 control the disposition of this motion. In *Gibbs*, the Supreme Court broadly authorized federal courts to assert jurisdiction over state law claims when "[t]he state law claims ... derive from a common nucleus of operative fact," the claims are such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding," and the federal issues are "substantial[ ]."

However, the Court cautioned that this power need not be exercised in every case in which it is found to exist, and that the district court should exercise its discretion by considering concerns of judicial economy, convenience, fairness, and comity. *Id.* at 726, 86 S.Ct. at 1139. Lower courts had some difficulty with this concept, particularly in the absence of Congressional authorization of federal court jurisdiction over state law claims. Then in 1992, Congress enacted 18 U.S.C. § 1367 codifying the supplemental jurisdiction concept.

28 U.S.C. § 1367(a) provides that, in cases of federal question jurisdiction, "in any civil action of which the district courts have original jurisdiction, the district courts **shall have** supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy...." Section 1367(c) provides that:

 the district courts **may decline to exercise** supplemental jurisdiction over state law claims if: (1) the claim raises a novel or complex issue of State law,

 (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

 (3) the district court has dismissed all claims over which it has original jurisdiction,

 (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

(Emphasis added).

 Plaintiffs concede that this court has original jurisdiction over the federal claims, and have not argued, nor could they, that the state claims are so unrelated to the federal claims that they do not form a part of the same case or controversy. Therefore, this court has supplemental jurisdiction over the State law claims, and the question is whether the court can and/or should decline to exercise that jurisdiction by remanding the State claims.

In *Executive Software v. United States Dist. Court*, 24 F.3d 1545 (9th Cir.1994), the court looked at the question of whether the scope of the section 1367(c) categories is coextensive with *Gibbs*. The court answered that question in the affirmative. The court held that, under section 1367, if a court has supplemental jurisdiction, it must exercise that jurisdiction unless one of the four 1367(c) conditions are satisfied. *Id.* at 1556. The court emphasized that the subsection (c)(4) "exceptional circumstances, compelling reasons" was rarely to be applied. The court held that if one of the (c)(1)–(3) conditions is satisfied, the court must still exercise its discretion by considering whether remanding the pendent state law claims would comport with the underlying objectives of "economy, convenience, fairness, and comity." *Id.* at 1557. The court also found that a finding that remand satisfies the *Gibbs* factors, alone, is not sufficient to satisfy the "compelling circumstances" standard under (c)(4). "We think that it (is) clear from the language chosen by Congress, ... that declining jurisdiction outside of subsection (c)(1)–(3) should be the exception, rather than the rule." *Id.* at 1558.

To begin with, it is clear that subsection (c)(3) does not apply here, because the federal claims have not been dismissed. Therefore, Plaintiffs would have a difficult burden establishing that judicial economy and convenience would be served by remanding the State law claims to State court, with federal claims pending here, even if they could establish that the State law claims fit under subsections (1) or (2), which the court is satisfied Plaintiffs have not done.

 Plaintiffs argue that the State age discrimination claim, although similar to the federal age discrimination claim, requires a

different essential element, claiming that under an ADEA claim a claimant must prove that her age was a "determining" factor, whereas under RCW 49.44.090 she must only prove her age was a "substantial" factor. However, Washington courts have rejected this distinction, finding that the inquiry is the same. *See Lords v. Northern Automotive,* 75 Wash.App. 589, 609–10, 881 P.2d 256 (1994). Additionally, Washington courts have repeatedly stated that because state anti-discrimination law substantially parallels federal anti-discrimination law, they will look to federal law when construing the State law, *i.e. Grimwood v. University of Puget Sound,* 110 Wash.2d 355, 361–64, 753 P.2d 517 (1988). There is nothing to suggest that the State age discrimination claim is a novel or complex issue of State law, or that it substantially predominates over a claim under the federal age discrimination statute, after which the State statute was patterned.

Second, Plaintiffs argue that the State claims of negligence and negligent supervision/retention require a showing of duty and breach of duty that goes beyond what is necessary to establish the federal claims. In the event that this is true, the court agrees with Defendants that proper jury instructions would adequately remedy this problem. Clearly, negligence is not a novel or complex issue of State law. Neither have Plaintiffs established that their negligence claims substantially predominate over the federal claims.

Next, Plaintiffs argue that their "outrage" claim would involve different evidence and witnesses than the federal claims. The court disagrees. The outrage claim arises from the same facts as Plaintiffs' other claims. The outrage claim alleges that "Nollmeyer's crude, abusive and intimidating conduct concerning Plaintiff's age and Defendant K–Mart's outright refusal to take prompt, adequate corrective action was so outrageous in character as to be absolutely intolerable in a civilized society."

Plaintiffs rely on *Gard v. Teletronics Pacing Systems, Inc.,* 859 F.Supp. 1349 (D.Colo. 1994). In that case, the Plaintiff claimed federal violations of age and sexual harassment, as well as seven state law claims, including fraud, negligent misrepresentation, violation of Colorado statutes, breach of contract, promissory estoppel, outrageous conduct, and breach of the implied covenant of good faith and fair dealing. Before that court was a motion to dismiss the state law claims, not a motion to remand them.

The court found that the plaintiff's claims involved common facts, and did not raise complex or novel issues of state law. With the exception of the claim for outrageous conduct, the court retained its supplemental jurisdiction over plaintiff's state law claims. As to the claim of outrageous conduct, the court dismissed it without prejudice, finding that "The facts necessary to prove that claim cannot be similar or identical to, nor can they be said to share a common nucleus of operative facts with, the federal statutory claims over which I have original jurisdiction." *Id.* at 1354.

To the contrary, this court is satisfied that a plaintiff should not be allowed to achieve remand of state claims where a federal court has supplemental jurisdiction over those claims, just by alleging, **inter alia,** outrageous conduct, particularly where, as here, it is clear that the same facts apply to all of Plaintiffs' claims.

■ Plaintiffs also argue that the court should decline jurisdiction over their Consumer Protection Act claim because it raises a novel issue of State law, i.e. whether the Act applies to the employer-employee relationship, and that no Washington court has addressed this issue. Plaintiffs are correct that there are no reported Washington cases dealing with this question. However, it appears that this may be because there is no provision for an employment related suit under the Consumer Protection Act.

RCW 19.86.020 provides that "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." No section of the Consumer Protection Act refers to an employer-employee relationship. RCW 49.60.030(3) refers to the Consumer Protection Act, and provides in pertinent part:

Except for any unfair practice committed by an employer against an employee or a prospective employee, ... any unfair practice prohibited by this chapter which is committed in the course of trade or commerce as defined in the Consumer Protection Act, chapter 19.86 RCW, is, for purpose of applying that chapter, a matter affecting the public interest, is not reasonable in relation to the development and preservation of business, and is an unfair or deceptive act in trade or commerce.

Therefore, the fact that there are no reported Washington cases involving a Consumer Protection Act claim by an employee against the employer does not mean that this is a novel or complex issue of State law. Rather, it appears that the Consumer Protection Act may not apply to employer-employee disputes. Even if the court were to find that this claim involves a novel question of State law, the court finds that judicial convenience and fairness would not be served by remanding this claim to State court.

All of Plaintiffs' claims arise out of the "same nucleus of operative facts" giving this court supplemental pendent jurisdiction, which the court cannot reject without a finding that one of the section 1367(c) factors applies, as well as a finding that remand would serve the interests of economy, convenience, fairness, and comity. Plaintiffs have not established a proper basis for this court to remand the State law claims to State court. Therefore, the court concludes that Plaintiffs' Motion to Remand the State law causes of action to State court must be and is **DENIED.**

**IT IS SO ORDERED.** The Clerk is further directed to enter this Order and forward copies to counsel.