Beatrice MINCY; Linda Leise, Plaintiffs,

v.

STAFF LEASING, L.P.; JMB Multimedia L.L.C., Defendants.

No. 99–1796–PHX–ROS.

United States District Court, D. Arizona.

June 22, 2000.

Angela Marie Wilson, Wilson Law Offices, Gilbert, AZ, for plaintiffs.

William Homer Westover, westover & Westover, Phoenix, AZ, for Defendants.

## ORDER

SILVER, District Judge.

On September 3, 1999, Plaintiffs, Beatrice Mincy and Linda Leise ("Plaintiffs") filed a Complaint against Defendants Staff Leasing and JMB Multimedia, LLC ("JMB"), in the Maricopa County Superior Court alleging violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; violation of A.R.S. § 23–353, and other state law causes of action *quantum meruit,* breach of express and implied contract, and breach of the covenant of good faith and fair dealing, all related to the wage dispute. Plaintiffs allege that Defendant failed to pay them the so called "comp time" which was due to them and accumulated by the time they were terminated in 1997. "The thrust of Plaintiffs' case is that Defendants had a policy of providing paid time off for hours worked over 40 in a work week [i.e., "comp time"], and failed to pay monies owed to Plaintiffs for [that time] accrued when it [sic] terminated Plaintiffs." (Mot. at 4.) Plaintiffs seek to recover treble damages under A.R.S. §§ 23–353 and –355, and an additional amount as liquidated damages under § 216(b) of FLSA, as well as compensation for unpaid wages under the common law claims.

On October 6, 1999, Defendants filed a Notice of Removal alleging jurisdiction based on federal question, 28 U.S.C. § 1331, as well as diversity, 28 U.S.C. § 1332.[1] On October 7, 1999, Defendant

1. On October 7, 1999, Defendants filed a No-  tice of Errata and refiled the Notice of Re-

Staff Leasing, LP ("Staff Leasing") filed an Answer denying Plaintiffs' allegations. On November 4, 1999, Defendant JMB filed an Answer denying Plaintiffs' allegations.

Before the Court is Plaintiffs' Motion to Remand filed on October 19, 1999.[2] Plaintiffs assert that this case should be remanded pursuant to 28 U.S.C. § 1441(c) because the state claims predominate. Plaintiffs further state that there is no complete diversity of citizenship because "both Plaintiffs and Defendant JMB Multimedia are residents of the State of Arizona" and, therefore, there is no original jurisdiction under 28 U.S.C. § 1332. (Mot. at 4–5.) In addition, in support of their Motion to Remand, Plaintiffs argue that to prevail on their federal claim "they will have to overcome the burden of proving that they are not exempt under the Act," (Mot. at 3), and, therefore, "FLSA is merely a secondary claim for overtime if Plaintiffs can overcome the presumption of exempt status."[3] (Mot. at 4.)

In Response, Defendants state that as long as there is a federal cause of action asserted, the removal was proper and they are entitled to be in this Court. Further, Defendants state that there is only a single set of facts to be proven on the federal and state claims, and that if Plaintiffs know that their federal claim is weak and they do not want to be in federal court they should dismiss it. (Resp. at 3. n. 1.) No Reply has been filed. In their Response, Defendants do not controvert that there is no diversity jurisdiction, though they alleged it in their Notice of Removal, nor do they raise a question whether the fact that

JMB is a "resident" of Arizona—as opposed to citizen—destroys diversity.

Having considered all the pleadings and having heard counsels' arguments, on May 26, 2000, the Court denied Plaintiffs' Motion to Remand for the reasons explained in this Order.

## Discussion

Title 28 U.S.C. § 1367 reads in part

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

. . . .

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* Title 28 U.S.C. § 1441(c) provides

Whenever a *separate and independent* claim or cause of action within the juris-

---

moval with a proper caption conforming to Local Rule 1.9(a)(3).

**2.** Also pending is Defendant JMB's Motion to Compel Plaintiffs to Comply with Rule 26, filed on March 28, 2000, to which a Response was filed on April 14, 2000. This Motion will be addressed by a separate order.

**3.** 29 U.S.C. § 213(a)(1) exempts from under the requirements of FLSA "any employee em-

ployed in a bona fide executive, administrative, or professional capacity." The definition of a "bona fide administrative capacity" is provided in 29 C.F.R. § 541.2 which states in pertinent part that it means an employee "whose primary duty consists of office or nonmanual work directly related to management policies or general business operations of his employer or his employer's customers." 29 C.F.R. § 542.2(a)(1).

diction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (emphasis added).

In *Executive Software v. U.S. District Court for Central District of California*, 24 F.3d 1545, 1551 (9th Cir.1994), while mandating that the district court provide a reason for declining to exercise supplemental jurisdiction pursuant to § 1367(c), the Ninth Circuit held that "once it is determined that the assertion of supplemental jurisdiction is permissible under section 1367(a) and (b), section 1367(c) provides the only valid basis upon which the district court may decline jurisdiction and remand pendent claims." *Id.* This holding suggests that, under § 1367, the exercise of supplemental jurisdiction by a district court is mandatory rather than discretionary, absent reasons to decline jurisdiction, which are enumerated in § 1367(c). *Accord* Chemerinsky, *Federal Jurisdiction* § 5.4 at 332 and n. 22 (3 ed.1999) (section 1367 "changes the preexisting law in that it seems to make supplemental jurisdiction mandatory not discretionary;" quoting *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 167, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997) "[t]he whole point of supplemental jurisdiction is to allow the district courts to exercise pendent jurisdiction over claims as to which original jurisdiction is lacking[ ]").

In *City of Chicago,* the Supreme Court said

Depending on a host of factors, then— including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims—district courts may decline to exercise jurisdiction over supplemental state law claims. The statute [28 U.S.C. § 1367] thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.

*Id.* at 173, 118 S.Ct. 523 (1997) (citation and internal quotation marks omitted).

## A. Whether state claims predominate the sole federal claim.

Although the parties do not dispute that, absent one of the four grounds for declining supplemental jurisdiction enumerated in § 1367(c), a district court is obligated to exercise it when the case properly could have been filed in the district court, they differ on the issue of whether, in the case at bar, state law claims "substantially predominate" the sole federal claim. Plaintiffs argue that they do and, therefore, 28 U.S.C. § 1367(c)(2) compels the Court to decline jurisdiction and remand this action to the state court. Defendants argue that the state claims do not predominate the federal claim, because to prevail on all of their claims Plaintiffs must prove the same set of facts that they were entitled to wages which Defendants failed to pay them.

Plaintiffs first cite *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992), for the proposition that "removal statutes are construed strictly against removal and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." (Mot. at 2.) Even if this case stands for this proposition, it is irrelevant to the adjudication of Plaintiffs' Motion, because Plaintiffs do not deny that their Complaint includes a claim under FLSA. Therefore, the Court has original jurisdiction based on federal-question claim. Consequently, there are no "doubt[s] as to the right of removal in the first instance." *Id.* "[T]he presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction

of the district court for removal." *Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 386, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998). "Simply put, the existence of federal jurisdiction depends solely on the plaintiff's claims for relief ... As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." *ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality of Montana,* 213 F.3d 1108, ——, 2000 WL 668983 *3 (9th Cir. 2000). In the case at bar, Plaintiffs chose to plead a federal cause of action under FLSA, thus subjecting themselves to possible removal.

Plaintiffs also appear to attribute a broad meaning to the discretionary aspects of federal courts' exercise of supplemental jurisdiction under 28 U.S.C. § 1367. The discretion applies, however, only when one of the four situations listed in § 1367(c) is present. Plaintiffs offer no case law in support of their contention that under the factual circumstances of the case at bar, i.e., where all asserted claims arise from one set of facts, state law claims *must* be deemed to predominate the sole federal claim.

Defendants, on the other hand, argue that the "question [of when state claims predominate federal claims] has been presented and resolved in the Ninth Circuit and other circuits by determining whether or not the claims asserted share a common nucleus of operative facts." (Resp. at 5.) Defendants are correct. Federal courts are reluctant to remand state claims, once they obtain original jurisdiction based on federal question, where all the claims derive from the same set of facts. Defendants rely on *Carpenters Health and Welfare Trust Fund for California v. Tri Capital,* 25 F.3d 849 (9th Cir.), *cert. denied,* 513 U.S. 1018, 115 S.Ct. 580, 130 L.Ed.2d 495 (1994), where the Ninth Circuit held that "the district court at a minimum could have asserted jurisdiction over the stop notice cause of action as a pendent state claim, because the two

claims 'derive[d] from a common nucleus of operative fact.'" *Id.* at 852 (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). That case somewhat differs from the case at bar, because a federal cause of action arose under ERISA and federal district courts have exclusive jurisdiction over such claims. In contrast, in the case at bar, the Court does not have exclusive jurisdiction over Plaintiffs' FLSA claim, which can be adjudicated in the state court. Nevertheless, once the Court has original jurisdiction over a claim, there is no statutory authorization to remand such federal law claim to the state court. *In re City of Mobile,* 75 F.3d 605, 609 (11th Cir.1996); *see also Williams v. Ragnone,* 147 F.3d 700, 703 (8th Cir.1998) (district court may not remand a § 1983 claim because a state court has a concurrent jurisdiction over it).

Defendants also cite *Smith v. K-Mart Corp.,* 899 F.Supp. 503 (E.D.Wash.1995), quoting one of its holdings from a headnote "employee's state claims did not substantially predominate over federal claims under Fair Labor Standard Act so as to preclude the exercise of supplemental jurisdiction over state claims in that all claims arose out of the same nucleus of operative facts." (Resp. at 5.) In *Smith,* which involved a federal age discrimination claim, a FLSA claim and several state law claims, plaintiffs sought to remand only the state law claims. One of the claims was a claim for "outrage" which may have required different evidence than the remaining claims. The court held that "a plaintiff should not be allowed to achieve remand of state claims where a federal court has supplemental jurisdiction over those claims, just by alleging outrageous conduct, particularly where, as here, it is clear that the same facts apply to all [p]laintiff's claims." *Id.* at 506. The *Smith* court held that once a case is properly removed, remand should not be granted when

All of Plaintiffs' claims arise out of the "same nucleus of operative facts" giving

this court supplemental pendent jurisdiction, which the court cannot reject without a finding that one of the section 1367(c) factors applies, as well as a finding that remand would serve the interests of economy, convenience, fairness, and comity. Plaintiffs have not established a proper basis for this court to remand the State law claims to State court. *Id.* at 506. Similarly, Plaintiffs here have not established a proper basis for remand of the state claims.

Defendants also rely on *Roche v. John Hancock Mutual Life Ins. Co.,* 81 F.3d 249 (1st Cir.1996), and *New Rock Asset Partners v. Preferred Entity Advancements, Inc.,* 101 F.3d 1492 (3d Cir.1996). In *Roche,* a former employee sued his employer alleging a cause of action under § 1983 in addition to several state law claims. All claims arose from the employer's alleged malicious dissemination to the police of the information regarding allegations of threatening phone calls made by the employee to his supervisor. The First Circuit—relying on the mandatory language of 28 U.S.C. § 1367(a)—held that a "federal court exercising jurisdiction over an asserted federal-question claim *must* also exercise supplemental jurisdiction over asserted state-law claims that arise from the same nucleus of operative facts." *Id.* at 256 (emphasis added). In *New Rock Asset Partners,* the Third Circuit held that a district court, which had supplemental jurisdiction over state claims at the time of filing the complaint, "[having] invested considerable judicial resources" could retain jurisdiction after the federal jurisdiction conferring party was dismissed from

the case. *Id.* at 1504. However, the court stated that its "holding means only that the district court had the discretion to retain jurisdiction after the [federal jurisdiction conferring party] was dismissed; it does not suggest that the district court was obligated [to do that] nor does it even suggest that district courts should retain jurisdiction in similar situations." *Id.* Thus, the *New Rock Asset Partners* decision is not on point. Rather, it emphasizes the discretionary character of supplemental jurisdiction after the grounds for original jurisdiction are no longer present, circumstances not present here. The Court has not yet "invested considerable judicial resources," nor is it able to determine, at this time, whether the FLSA claim is void of merit and should be dismissed. Nevertheless, under *New Rock Asset Partners,* as under other cases cited by Defendants,[4] where, as here, all claims arise from the same set of facts, and the state law causes of action are not novel or complex, the state claims do not predominate the federal claim. Having filed no Reply, Plaintiffs offer no argument rebutting Defendants' discussion of this issue. In addition, Defendants' argument that accepting supplemental jurisdiction "avoids the pendency of dual law suits" is well taken and, as discussed prior, Plaintiffs gave no valid reason for the Court to refuse the exercise of supplemental jurisdiction.[5]

### B. Whether the Court may remand the entire case, including the FLSA claim relying on 28 U.S.C. § 1441(c).

Plaintiffs assert that the Court is authorized to remand the entire case under 28 U.S.C. § 1441(c).[6] Title 28 U.S.C.

---

4. Defendants cite more cases which repeat the same general rule: *White v. County of Newberry,* 985 F.2d 168 (4th Cir.1992) (a district court could exercise supplemental jurisdiction over property owners' state claim asserted in an action involving a CERCLA claim arising from the same set of facts, though theories of recovery of damages were different under the federal and state laws); *In re City of Mobile,* 75 F.3d 605 (11th Cir.1996) (jurisdiction proper when all causes of action result from a single wrong).

5. At oral argument Plaintiffs' counsel stated that she did not mind splitting the cause of action in federal and state court. For the reasons fully explained in this Order, § 1367 does not allow such result under the specific circumstances of this case.

6. In conclusion to their Motion to Remand Plaintiffs assert that the Court can remand the case pursuant to § 1445(c). This presumably is a typographical error. As Defendants point out in their Response, § 1445(c) is not

§ 1441(c) was amended in 1990. Prior to the amendment, it read:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c) (pre–1990). Thus, the amendment replaced the phrase "may remand all matters not otherwise within its original jurisdiction" with "may remand all matters in which State law predominates." 28 U.S.C. § 1441(c).[7] Plaintiffs maintain that though the meaning of the 1990 amendments has not yet been addressed in the Ninth Circuit, "every Court that has addressed this issue, with one exception, has read the amendments as broadening rather than narrowing the scope of the federal courts' discretion to remand," and that "[t]he almost unanimous view is that the amended remand clause of § 1441(c)

now allows for remand of the entire case, federal claim included, where state law predominates." (Mot. at 4 n. 1.) In support of this proposition, Plaintiffs cite *Alexander v. Goldome Credit Corp.*, 772 F.Supp. 1217, 1224 (M.D.Ala.1991). Plaintiffs continued to vigorously rely on *Alexander* during the oral argument. Plaintiffs' reliance is misplaced. As Defendants correctly note in their Response, *Alexander* is hardly representative of a "unanimous view," and it has not been followed in its circuit. *See In re City of Mobile*, 75 F.3d at 608 (when a removable cause of action is not separate and independent from non-removable causes of action, § 1441(c) does not apply and the district court erred remanding the entire case; and "[w]here both federal and state causes of action are asserted as a result of a single wrong based on a common event or transaction, no separate and independent federal claim exists under section 1441(c)");[8] *see also Reneau v. Oakwood Mobile Homes*, 952 F.Supp. 724, 726 (N.D.Ala. 1997).[9] Although some district

applicable to Plaintiffs' Motion. It prohibits the removal of cases arising under the state workers' compensation law.

7. Although the Court has decided that the state claims do not predominate in this case, the Court addresses the parties' arguments to clarify a fundamental misunderstanding of 28 U.S.C. § 1441(c) and the attendant case law apparent in Plaintiffs' pleadings.

8. The dissent in *City of Mobil*, adopted the position advanced here by Plaintiff, i.e., that the amended § 1441(c) "accord[s] discretion to district court to remand the entire case, including a federal claim, to state court if state law predominates." 75 F.3d at 612 (emphasis omitted). The dispute appeared to originate from a difference in interpretation of the word "matters" which some courts, including the dissent in *Mobil*, equate with "case" while the majority of the courts interpret it as meaning "claims." *See* note 9, below, and the cases cited therein.

9. In *Reneau*, the court, which authored *Martin v. Drummond Coal Co.*, 756 F.Supp. 524 (N.D.Ala.1991), and *Holland v. World Omni Leasing, Inc.*, 764 F.Supp. 1442 (N.D.Ala.

1991), reaching the same result as one reached by the *Alexander* court, before federal district court judge Hobbs authored *Alexander*, recognized that "sadly" *Alexander*, *Martin* and *Holland*, were overruled and "obliterated" by *City of Mobile*. *Reneau*, 952 F.Supp. at 726. Thus, the Eleventh Circuit rejected the argument which Plaintiff attempts to advance. Numerous courts in other jurisdictions also came to the conclusion that the court may remand only state law claims, not federal claims. *See, e.g., Doll v. U.S. West Communications, Inc.*, 85 F.Supp.2d 1038 (D.Col.2000) (stating that § 1441(c) does not allow for removal of the entire case when state law predominates); *Lujan v. Earthgrains Baking Companies, Inc.*, 42 F.Supp.2d 1219, 1221–22 (D.N.M.1999) (indicating that the Tenth Circuit would most likely reject the argument that the amended removal statute allows for remand of federal claims); *Hickerson v. City of New York*, 932 F.Supp. 550, 558 (S.D.N.Y.1996); *Eastus v. Blue Bell Creameries*, 97 F.3d 100 (5th Cir.1996) (recognizing that district courts have authority to remand only those state claims which are not intertwined with federal question claims); *Kabealo v. Davis*, 829 F.Supp. 923, 925–26 (S.D.Ohio 1993), *aff'd*, 72 F.3d 129 (6th Cir.1995);

courts initially expressed the same view as the *Alexander* court, these cases, none of which was cited by Plaintiffs, have been overruled. *See* note 9, supra, and the discussion below.

In *Borough of West Mifflin*, which is cited by Plaintiffs presumably as an exception to the purported "unanimous view" expressed in *Alexander*,[10] the court stated that

> [Title 28 U.S.C. §] 1441(c) provides for removal or remand only where
>
> the federal question claims are "separate and independent" from the state law claims with which they are joined in the complaint. However, where there is a single injury to plaintiff for which relief is sought, arising from an interrelated series of events or transactions, there is no separate or independent claim or cause of action under § 1441(c). Suits involving pendent (now "supplemental") state claims that "derive from a common nucleus of operative fact", do not fall within the scope of § 1441(c), since pendent claims are not "separate and independent." It is apparent, then, that § 1441(c) grants the district court only a limited authority to remand a case.

*Williams v. Ragnone,* 147 F.3d at 703; *Borough of West Mifflin v. Lancaster,* 45 F.3d 780 (3d Cir.1995).

**10.** Plaintiffs' citation to *Borough of West Mifflin* is somewhat unclear because Plaintiffs precede it with the *"cf."* signal immediately after stating that "every court that has addressed this issue, with one exception, has read the amendments [to § 1441(c)] as broadening rather than narrowing the scope of the federal courts' discretion to remand." (Mot. at 4 n. 1.) *Borough of West Mifflin* does not stand for a proposition analogous to Plaintiffs' argument. Consequently, the Court concludes that Plaintiffs meant *Borough of West Mifflin* to be the one alleged exception.

**11.** "A federal claim is separate and independent if it involves an obligation distinct from the nonremovable claims in the case." *State of Texas, By and Through Bd. of Regents University of Texas System v. Walker,* 142 F.3d 813 (5th Cir.1998), *cert. denied,* 525 U.S.

*Id.* at 786 (citing *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) and *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 354, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) and overruling *Moore v. DeBiase,* 766 F.Supp. 1311, 1321 (D.N.J.1991) and the cases which have adopted its rationale). In the case at bar, there is no allegation that the state claims are "separate and independent." Plaintiffs recite only one set of facts as a basis for their state and federal claims. (Compl.¶¶ 12–22.) Consequently, § 1441(c) is not applicable.[11]

Further, Plaintiffs assert that "the legislature clearly intended to permit federal courts to remand the entire case back to state court when state law predominates." (Mot. at 3.) In support of this contention, Plaintiffs quote the commentary to § 1441(c)

> The manifest purpose is to get into a federal court only a substantial federal claim, and to give a free ride only to state claims related to it. If the federal court finds that the federal claim, while plausible, is not really the plaintiff's main mission, that it is only an incident or adjunct of the state claim, and that

1102, 119 S.Ct. 865, 142 L.Ed.2d 768 (1999) (citing *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702) (holding that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)"). If Plaintiffs alleged and the Court found that the state claims were separate and independent from the federal claim, the Court would need to address the constitutional aspects of § 1441(c). *See, e.g., Fullin v. Martin,* 34 F.Supp.2d 726, 735 (E.D.Wis.1999) (holding that "to the extent section 1441(c) purports to allow the removal to federal court of state law claims which are factually unrelated to a 'separate and independent' federal claim, the statute is unconstitutional," because it exceeds the outer limits of constitutionally conferred federal jurisdiction under *Gibbs*). However, this issue is not before the Court because Plaintiff's claims are not separate and independent.

the state claim is the crux of the action, the federal court can remand all claims in which it finds that state law "predominates"... Note that the word used by the statute is still "matters". The federal court can remand all "matters" in which state law predominates. If matters is construed to include all "claims", then a combination of claims in which a federal claim is one but in which state law is found to "predominate" may justify a remand of the whole case, with the federal claim included.

Comment on the 1990 Amendment to 28 U.S.C. § 1441(c). Significantly, the paragraph omitted by Plaintiffs from the above quote states

If state law "predominates" in the whole case, however, where does that leave the federal claim? If the federal claim is so weak in its context that state law "predominates", the defendants might consider a two-part motion seeking (1) summary judgment disposing of the federal claim on the merits and (2) a remand of the non-federal claims.

*Id.* The tenor of the omitted paragraph is characteristic of the entire Comment. It does not firmly explain what was the legislative purpose behind the 1990 amendments to § 1441(c). Rather, the commentator raises many questions some of which were later answered by the case law. Significantly, it raises a question of the non-applicability of the § 1441(c) remand clause to cases where the state claims are not separate and independent from the federal claim. "A claim that satisfies the 'pendent' standard may for that very reason fail to satisfy the 'separate and independent' criterion of subdivision (c), and hence have to rely for removal not on subdivision (c), but subdivision (a)." *Id.* Importantly, subdivision (a) has no remand clause.[12] Thus, the only means to achieve remand of a claim, which otherwise qualifies as a supplemental claim under § 1367, is by the district court refusing to exercise jurisdiction under § 1367(c). As previously discussed, the Court will not refuse to exercise supplemental jurisdiction.

Finally, Plaintiffs' allegation that "the interpretation of the 1990 amendments of § 1441 is an issue of first impression in Arizona and the Ninth Circuit," is not entirely correct. Although the Court is unaware of any Ninth Circuit case analyzing the amendments, it is rather clear what the Ninth Circuit's view is on removal of federal claims to state courts. In *Brockman v. Merabank*, 40 F.3d 1013 (9th Cir. 1999), the Ninth Circuit held that where a district court had original jurisdiction and a federal claim remained in the action, "the district court could neither dismiss the entire case for lack of jurisdiction nor remand it." *Id.* at 1017 (citing *Buchner v. FDIC*, 981 F.2d 816, 820 (5th Cir.1993)). Plaintiff in *Brockman* sued the Federal Deposit Insurance Corporation ("FDIC") and Resolution Trust Corporation ("RTC") alleging state causes of action. FDIC properly removed to federal district court. RTC did not independently file for removal. When FDIC was dismissed from the case, the district court, *sua sponte*, remanded the case to state court. The Ninth Circuit reversed and held that the district court's retention of the case was mandatory, because "[l]ike diversity jurisdiction, original jurisdiction is not discretionary." *Id.* at 1017. In so holding, the Ninth Circuit relied on, among other cases, *United States v. Rubenstein*, 971 F.2d 288, 293 (9th Cir.1992), which held that, where "there is no basis for dismissal on abstention grounds, federal courts have a virtually unflagging obligation to exercise the jurisdiction conferred upon them by the

12. Subdivision (a) reads:
Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
28 U.S.C. § 1441(a).

coordinate branches of government and duly invoked by litigants." *Id.* (quoting *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)) (internal quotation marks omitted). For these reasons Plaintiffs' Motion for Remand had to fail.

## C. Plaintiffs' request for attorney fees

In their Motion to Remand, Plaintiffs requested attorney fees under § 1447.[13] Plaintiffs have not prevailed on their Motion. But even if the Court had decided to remand state law claims, Plaintiffs would not be entitled to attorney fees, because Defendants' Notice of Removal was not improperly filed. As previously discussed, there is no doubt that the Court has jurisdiction over all Plaintiffs' claims. *Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. at 386, 118 S.Ct. 2047.[14]

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand is denied. (Doc.# 6)

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorney fees is denied.

**IT IS FURTHER ORDERED** that Defendant Staff Leasing's request for attorney fees is denied.

---

13. Pursuant to 28 U.S.C. § 1447(c), if a district court considering a motion to remand determines that it lacks subject matter jurisdiction over the case it can order the moving party to reimburse the non-moving party for "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

14. In its Response to Plaintiffs' Motion, Defendant Staff Leasing, through its original counsel, requested attorney fees incurred in responding to Plaintiffs' Motion. Staff Leasing is now represented by a new counsel, who from the outset of the litigation has represented Defendant JMB Multimedia. At oral argument, the Court inquired: "And you have embraced the position that was taken by previous counsel?" New counsel responded: "I have not, Your Honor. I have filed nothing in—one way or the other." (Tr. at 3.) New counsel emphasized that he did not file an opposition on behalf of JMB and did not embrace the opposition to the Motion filed by Staff Leasing, except that both Defendants opposed Plaintiffs' request for remand unless Plaintiffs first withdrew their federal claim, which they were not willing to do. Because new defense counsel did not specifically request attorney fees at oral argument nor did he adopt the request for attorney fees made in the opposition filed by original counsel, the court has not considered the request for attorney fees made by the original counsel for Staff Leasing, and that request will not be granted.